UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IMPETUS ENTERPRISE, INC., et al.,<br><br>Defendants. | Case No. 8:18-cv-01987-JLS-KES<br><br>**[Proposed]**<br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Upon stipulation of the parties, and finding good cause therefor, the Court enters this protective order pursuant to Federal Rule of Civil Procedure 26(c).

All material obtained in the pretrial discovery of this litigation is presumptively public unless it satisfies the conditions set out herein.

**I.    DEFINITIONS**

A.    "Confidential Material" is material either received by the FTC from third parties during its investigation of this matter prior to filing the Complaint or produced or received in pretrial discovery that contains Sensitive Personal Information.

B.    "Sensitive Personal Information" means any: (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit

card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

**II.     PROVISIONS FOR TREATMENT OF CONFIDENTIAL MATERIAL**

A.     Any Sensitive Personal Information contained in a document (or portion thereof) produced in discovery is automatically designated as Confidential Material.

B.     A party seeking to include material containing Sensitive Personal Information in documents submitted to the Court in a filing or introduced at a hearing ~~or trial~~ must either redact the Sensitive Personal Information contained therein or *apply for and obtain authorization to* file the document under seal.

C.     A party seeking to include material containing Sensitive Personal Information in documents introduced at a deposition must redact the Sensitive Personal Information contained therein before showing the document to the witness.  If, however, such information is to be the subject of questioning at the deposition, the party introducing the material must ensure that any deposition exhibits containing unredacted Sensitive Personal Information, and any portions of deposition transcripts that discuss the Sensitive Personal Information, are properly marked and treated as Confidential Material subject to this Order.

D.     A party designating unredacted Sensitive Personal Information as Confidential Material must mark such material as follows:

  1.     Mark paper materials "CONFIDENTIAL."  If paper material is confidential only in part, mark only the portions of the material that are confidential.

  2.     Mark electronic materials "CONFIDENTIAL" by branding each page containing confidential material.  Also mark the electronic storage medium, as well as any electronic file and folder name CONFIDENTIAL.

  3.     To the extent that electronically stored information is produced in a format that does not permit the branding of the designation on the face of the

document (e.g., in native format), the Confidential Material designation shall be made by including the term "CONFIDENTIAL" in the name of the file and by adding a metadata field in the load file with the same designation.

    4. Designate deposition transcripts as Confidential Material within ten (10) days of receipt of the final transcript by identifying the specific page(s) and line number(s) that constitute Confidential Material. If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until ten (10) days after receipt of the final transcript.

E. An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation of the Confidential Material, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

F. Confidential Material must be disclosed only to:

    1. the Court and court personnel;

    2. the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation;

    3. experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

    4. any person, including witnesses, who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

    5. witnesses and their counsel who agree in writing to abide by this protective order.

G. Disclosure of Confidential Material to any person described in Paragraph II.F shall be only for purposes of the preparation and hearing of this proceeding, or

any appeal therefrom. Provided, however, that the Commission may, subject to taking appropriate steps to preserve its confidentiality, use or disclose such Confidential Material as provided by 16 C.F.R. §§ 4.9-4.11, 15 U.S.C. §§ 46 and 57b-2, or any other legal obligation imposed upon the Commission.

H. *See B*.

I. Within 90 days of the conclusion of this case, the parties shall take all reasonable steps to destroy or return all Confidential Materials and any other materials containing confidential information, except that the FTC shall retain, return, or destroy Confidential Materials in accordance with 16 C.F.R. § 12.

J. Within 90 days of the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall take all reasonable steps to destroy or return all Confidential Materials and any other materials containing confidential information. The parties shall take all reasonable steps to ensure compliance with this paragraph, including by instructing all consultants and other people retained to assist counsel to destroy or return all Confidential Materials and any other materials containing confidential information.

K. This Order continues to govern Confidential Material in this case after the conclusion of the case absent further order of the Court.

**SO ORDERED this 17th_ day of May, 2019.**

*Karen E. Scott*
_____
**THE HONORABLE KAREN E. SCOTT**
**UNITED STATES MAGISTRATE JUDGE**