**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

IMPETUS ENTERPRISE, INC., et al.,

    Defendants.

Case No. 8:18-cv-01987-JLS-KES

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS CAPITAL SUN INVESTMENTS, LLC, AND JIMMY CALDERON**

Officer:  Hon. Josephine L. Staton
Courtroom:  10-A

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-08.  The Commission and Defendants Capital Sun Investments LLC and Jimmy Calderon stipulate to the

entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive and unlawful acts or practices in the marketing and sale of student loan debt relief services in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive and release any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Assisting Others**" includes:

 1. performing customer service functions, including receiving or responding to consumer complaints;

 2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic

communication;

3.     formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4.     providing names of, or assisting in the generation of, potential customers;

5.     performing marketing, billing, or payment services of any kind; or

6.     acting or serving as an owner, officer, director, manager, or principal of any entity.

B.     "**Corporate Defendant**" means Capital Sun Investments LLC d/b/a Studora, and its successors and assigns.

C.     "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

D.     "**Financial Product or Service**" means any product, service, plan, or program represented, expressly or by implication, to:

1.     provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2.     provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

3.     improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

4.     provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

E.     "**Individual Defendant**" means Jimmy Calderon a/k/a Jimmy Anthony Mejia Calderon.

F.    "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

G.    "**Receiver**" means Krista L. Freitag, whom this Court appointed as Receiver in this case on November 13, 2018.

H.    "**Secured or Unsecured Debt Relief Product or Service**" means:

1.    With respect to any mortgage, loan, debt, or obligation between a Person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a.    stop, prevent, or postpone any mortgage or deed of foreclosure sale for a Person's dwelling, any other sale of collateral, any repossession of a Person's dwelling or other collateral, or otherwise save a Person's dwelling or other collateral from foreclosure or repossession;

   b.    negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a Person to a secured or unsecured creditor or debt collector;

   c.    obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

   d.    negotiate, obtain, or arrange any extension of the period of time within which a Person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the

mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

   e.   obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

   f.   negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a Person's application for the mortgage, loan, debt, or obligation.

2.   With respect to any loan, debt, or obligation between a Person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a.   repay one or more unsecured loans, debts, or obligations; or

   b.   combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

I.   "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR.

## ORDER

## I.  BAN ON SECURED AND UNSECURED
## DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that Defendants are permanently restrained and enjoined

from advertising, marketing, promoting, offering for sale, or selling, or Assisting Others in the advertising, marketing, promoting, offering for sale, or selling, of any Secured or Unsecured Debt Relief Product or Service.

## II. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any Financial Product or Service, are permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

A. the terms or rates that are available for any loan or other extension of credit, including:

    1. closing costs or other fees;

    2. the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

    3. the interest rate(s), percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

    4. the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

    5. the amount of funds to be disbursed to the borrower out of the proceeds, or the amount of funds to be disbursed on behalf of the borrower to any third parties;

    6. whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.    that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.    the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

C.    that a consumer will receive legal representation;

D.    its total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; or

E.    any other fact material to consumers concerning any good or service.

## III. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

A.    any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.    that any Person is affiliated with, endorsed or approved by, or otherwise

connected to any other Person; government entity; public, non-profit, or other non-commercial program; or any other program;

C. the nature, expertise, position, or job title of any Person who provides any product or service;

D. that any Person providing a testimonial has purchased, received, or used the product or service;

E. that the experience represented in a testimonial of the product or service represents the Person's actual experience resulting from the use of the product or service under the circumstances depicted in the advertisement;

F. its total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; or

G. any other fact material to consumers concerning any good or service.

## IV. PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any product or service, are permanently restrained and enjoined from making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## V. PROHIBITIONS RELATING TO TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents,

employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing of any good or service, are permanently restrained and enjoined from:

A.	misrepresenting the identity of the seller or telemarketer;

B.	misrepresenting Defendants' relationship with the seller or telemarketer; or

C.	violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Appendix A.

## VI. MONETARY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

A.	Judgment in the amount of One Million Three Hundred and Thirteen Thousand Dollars ($1,313,000) is entered in favor of the Commission against Defendants as equitable monetary relief.

B.	The judgment is suspended subject to the Subsections below.

C.	The Commission's agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.	the Financial Statement of Individual Defendant signed on February 22, 2019, and all accompanying documents;

2.	the Financial Statement of Corporate Defendant signed on February 28, 2019, and all accompanying documents;

3.	the Financial Statement of Premier Capital Investments LLC signed on February 28, 2019, and all accompanying documents;

4.	all documents produced to the FTC by Defendants' counsel on the following dates:  March 20, 2019; April 15, 2019; April 22, 2019; April 23, 2019; April 26, 2019.

D. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII.  ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants

previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.   All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.   Upon entry of this Order, the asset freeze is dissolved as to Premier Capital Investments LLC and Defendants Capital Sun Investments LLC and Jimmy Calderon without further order of the Court.

## VIII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.   failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission,

within 14 days.

B.  disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendants or any of their co-defendants obtained prior to entry of this Order in connection with the marketing and sale of debt relief services; and

C.  failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX.  COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of the Commission and the Receiver in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendants must provide truthful and complete information, evidence, and testimony.  Defendants must appear and cause their employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## X.  TERMINATION OF RECEIVERSHIP AS TO CAPITAL SUN INVESTMENTS LLC AND PREMIER CAPITAL INVESTMENTS LLC

IT IS FURTHER ORDERED that the Receiver must complete all duties as

to Capital Sun Investments LLC and Premier Capital Investments LLC within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend that term for good cause.

## XI. ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  for 5 years after entry of this Order, the Individual Defendant for any business that he, individually or collectively with the Corporate Defendant, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to:

1.  all principals, officers, directors, and LLC managers and members;

2.  all employees having managerial responsibilities for Telemarketing and all agents and representatives who participate in Telemarketing; and

3.  any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current Personnel. For all others, delivery must occur before they assume their responsibilities.

C.  In any other business, such as one in which a Defendant is an employee without any ownership or control, that Defendant must deliver a copy of this Order to all principals and managers of the business before participating in Telemarketing;

D.  from each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated

13

acknowledgment of receipt of this Order.

## XII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.  One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1.  Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any co-defendants in this case (which the Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2.  Additionally, the Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role,

responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

   1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

   2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Calderon, x140035.

## XIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, the Corporate Defendant and the Individual Defendant for any business that such Defendant, individually or collectively with any other co-defendants in this case, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  accounting records showing the revenues from all goods or services sold;

B.  personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.  records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.  all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  a copy of each unique advertisement or other marketing material, including scripts used in Telemarketing.

## XIV.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring

Defendants' compliance with this Order, including the financial representations upon which the judgment was suspended and any failure to transfer assets required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendant Calderon, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XV.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

**DATED:** June 18, 2019

_____

**THE HONORABLE JOSEPHINE L. STATON**
**UNITED STATES DISTRICT JUDGE**

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

_____          Date: _____
Joshua S. Millard, Attorney
Brian M. Welke, Attorney
Federal Trade Commission
Washington, DC 20580
202-326-2454 (Millard)
202-326-2897 (Welke)
202-326-3197 (fax)
jmillard@ftc.gov
bwelke@ftc.gov

**FOR DEFENDANTS:**

_____          Date: _____
Michael Thurman, Esq.
Thurman Legal
1055 E. Colorado Blvd., 5th Floor
Pasadena, CA 91106
626-399-6205
626-380-4880 (fax)
COUNSEL FOR JIMMY CALDERON
AND CAPITAL SUN INVESTMENTS, LLC

**DEFENDANTS JIMMY CALDERON
AND CAPITAL SUN INVESTMENTS, LLC:**

_____          Date: _____
JIMMY CALDERON, INDIVIDUALLY
AND AS AN OFFICER OF CAPITAL
SUN INVESTMENTS, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION,

     Plaintiff,

     v.

IMPETUS ENTERPRISE, INC., et al.,

     Defendants.

Case No. 8:18-cv-01987-JLS-KES

**ACKNOWLEDGEMENT BY DECLARATION OF RECEIPT OF ORDER BY DEFENDANTS**

1.     My name is Jimmy Calderon.  I am a U.S. citizen over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2.     I was a Defendant in *FTC v. Impetus Enterprise, Inc., et al.*, which is the court case listed near the top of this page.  Additionally, I am an officer of Capital Sun Investments, LLC, which was also a Defendant in that same case.

3.     On _____, 2019, I received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendants Capital Sun Investments, LLC and Jimmy Calderon, which was signed by the Honorable Josephine L. Staton and entered by the Court on _____, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2019.

_____
Jimmy Calderon

State of _____, City of _____

Subscribed and sworn to before me
this _____ day of _____, 201__.

_____
Notary Public

My commission expires: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

      Plaintiff,

      v.

IMPETUS ENTERPRISE, INC., et al.,

      Defendants.

Case No. 8:18-cv-01987-JLS-KES

**ACKNOWLEDGMENT BY DECLARATION OF RECEIPT OF ORDER BY A NON-PARTY**

1.    I, _____, received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendants Capital Sun Investments, LLC and Jimmy Calderon in the case of *FTC v. Impetus Enterprise, Inc., et al.*, on _____, 20____.

2.    I was not a Defendant in that court case. My title or relationship with Defendant(s) _____ is: _____.

3.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20____.

Signed:

_____